497 P.2d 646

STEEL COMPONENTS, INC., a corporation, Plaintiff and Respondent,

v.

UNITED STATES FIDELITY AND GUARANTY CO., a corporation, Defendant and Appellant.

No. 12509.

Supreme Court of Utah.

May 18, 1972.

John Preston Creer, Salt Lake City, for defendant and appellant.

Warwick C. Lamoreaux, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

This is an action on a bond written pursuant to Section 14–1–5, U.C.A.1953, as enacted by Chapter 15, Laws of Utah 1963. This section requires a contractor on a public work to secure a bond "solely for the protection of persons supplying labor or materials to the contractor *or his subcontractors* in the prosecution of the work provided for in such contract." (Emphasis added.)

The defendant furnished a bond to Cox Construction Company, Inc., in connection with Cox's contract to construct approximately six miles of a public highway including a bridge over a railroad bed. The contractor, hereafter referred to as Cox, subcontracted a part of the work including the building of the bridge to Facilities, Inc., and as a part of the agreement Facilities, Inc., promised not to sublet any of the work without the written permission of Cox.

Contrary to the agreement with Cox, Facilities did sublet a part of its work to the plaintiff herein without securing the written consent of Cox. The plaintiff performed its work in a proper manner but has not been paid therefor by Facilities for the reason that Facilities has no funds and has been adjudicated a bankrupt. The plaintiff made timely demand for payment from Cox, and not having been paid brought this action on Cox's bond.

While this action was pending, Cox filed an action in interpleader in another judicial district wherein it tendered into court a check in the sum of $8489.36 and named the plaintiff herein, Facilities, Inc., the Trustee in Bankruptcy, and others defendants therein.

This defendant then moved to have the two cases consolidated for trial. The motion was denied, and motions for summary judgment were made. The court granted the motion of the plaintiff, and the defendant appeals, claiming that since the agreement between Cox and Facilities prevented any subletting without written consent of Cox, Cox would not be liable and, therefore, this defendant would not be liable. It further claims that since the contract between the State and Cox required certified copies of payrolls to be submitted by the contractor and subcontractor, no recovery can be had because neither the plaintiff nor Facilities filed any certified copies of payrolls with the State.

We do not think these contentions have any merit. The bond is required by the statute to assure payment to those who perform labor or furnish supplies either to the contractor or to the subcontractor in the performance of the contract. This plaintiff did furnish work and materials to a subcontractor in connection with the project and is entitled to recover under the provisions of the bond.

The Federal regulations governing contractors and subcontractors and their duty to file certified copies of payrolls cannot be used to defeat the rights of those who perform labor and furnish supplies on a project covered by a statutory bond. This is not a dispute between Cox and the State. Cox does not contend that the State is withholding any funds due it because of a failure to file copies of any payrolls.

Facilities, Inc., in violation of its agreement with Cox promised this plaintiff $2800 for the work it did. The contract price thus agreed upon would not be binding upon Cox or this defendant. Recovery should be limited to the reasonable value of the work done and the materials furnished at the instance of Facilities, Inc., not exceeding, however, the sum of $2800 as agreed. As to the additional work done and material furnished on the project by the plaintiff at the instance and request of Cox, the amount should be as agreed or, in the absence of an agreement, the reasonable value thereof.

Since it does not appear what is the reasonable value of the work and materials furnished by plaintiff, this matter should be determined on evidence to be had at trial. The judgment of the court wherein it was determined that the defendant is liable to the plaintiff is affirmed. However, insofar as the court awarded a specific amount of money, it is reversed.

The case is remanded to the trial court for further proceedings not inconsistent with this opinion. No costs are awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.